## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JULIAN KARPOFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | C.A. No. S24M-01-039 MHC |
| | ) | |
| SUSSEX COUNTY BOARD OF | ) | |
| ADJUSTMENT, SUSSEX COUNTY, | ) | |
| and ATLANTIC CONCRETE CO., | ) | |
| INC. | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Submitted: June 12, 2024
Decided: July 31, 2024

*Upon Respondents' Motions to Dismiss,*

## GRANTED.

Julian Karpoff, Esquire, *Petitioner Pro se.*

Daniel A. Griffith, Esquire, WHITEFORD, TAYLOR & PRESTON, LLC, 600 N. King Street, Suite 300, Wilmington, Delaware, 19801, *Attorney for Respondent Sussex County Board of Adjustment.*

Vincent G. Robertson, Esquire, Madeline S. Carlson, Esquire, PARKOWSKI, GUERKE & SWAYZE, P.A. 19354C Miller Road, Rehoboth Beach, Delaware, 19971, *Attorneys for Respondent Sussex County.*

David C. Hutt, Esquire, R. Eric Hacker, Esquire, MORRIS JAMES LLP, 107 W. Market Street, P.O. Box 690, Georgetown, Delaware, 19947, *Attorneys for Respondent Atlantic Concrete Co., Inc.*

**CONNER, J.**

This 31ˢᵗ day of July, 2024, upon consideration of the record and parties' briefings it appears to the Court that:

1.    Atlantic Concrete Co., Inc. ("Atlantic") is recycling concrete on the Subject Land near Petitioner *pro se*[1] Julian Karpoff's ("Mr. Karpoff") residential home.  Mr. Karpoff challenged Atlantic's industrial use of the subject land as unlawful before the Sussex County Planning and Zoning Commission (the "Commission").  The Commission determined by letter dated April 29, 2022, that Atlantic's "use has been in operation since 1969 and prior to the adoption of the Sussex County Code in 1970."[2]  Mr. Karpoff appealed that determination to the Sussex County Board of Adjustment ("Board") on May 26, 2022.  "The Board was prepared to hear the appeal at a hearing scheduled for September 2022, but the appeal was stayed until the end of November 2022."[3]

2.    "Unsatisfied with the Administrative Proceedings," Mr. Karpoff filed an abatement action in the Court of Chancery seeking "abatement of the alleged unlawful use of the Subject Land and declaratory relief that the use of the Subject Land is unlawful."[4]  Master Molina dismissed the suit in the Court of Chancery "for

---

[1] Mr. Karpoff is listed as an active attorney on the state of Marland's Attorney listing website. https://www.mdcourts.gov/attysearch#searchform (last visited July 30, 2024).
[2] Pet'r Ex. 1.
[3] *Karpoff v. Atl. Concrete Co., Inc.,* 2023 WL 2260588, at *2 (Del. Ch. Feb. 28, 2023).
[4] Id.

*forum non conveniens* without prejudice and in favor of the first-filed Administrative Proceedings."[5]

3. Still unsatisfied with the codified procedural limitations governing the administrative appellate processes of Sussex County, Mr. Karpoff filed the present matter, a petition for writ of mandamus, naming Sussex County, the Board, and Atlantic as respondents ("Respondents").[6] Mr. Karpoff's writ requests this Court order the Board to: (1) proceed with his appeal; (2) direct Sussex County to provide him with a complete copy of the appellate record; (3) issue witness and document subpoenas upon his request; (4) allow him to conduct direct and cross examination on witnesses called by him; and (5) allow him to cross examine witnesses called by others.[7]

4. "A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[8] "[A]s a condition precedent to the issuance of a writ of mandamus, a petitioner must demonstrate that: (1) it has a clear right to the performance of a duty imposed by law; (2) the entity against which the writ is sought has arbitrarily failed or refused to perform that duty; and (3) no other adequate

---

[5] *Karpoff*, 2023 WL 2260588, at *8.

[6] Mr. Karpoff named the Board as the sole respondent to his initial Petition, later adding Atlantic and Sussex County in his Amended Petition.

[7] Pet'r Amend. Pet. at 2.

[8] *Evans v. Coupe*, 2016 WL 1608489, at*1 (Del. Super. Ct. Apr. 20, 2016), aff'd, 147 A.3d 234 (Del. 2016).

remedy is available to the petitioner."[9]  Even if these elements are satisfied, "[p]etitioners do not have a right to a writ of mandamus; it will issue only in the exercise of the Court's sound discretion."[10]  Further, "where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy."[11]  Unless such administrative remedies would be futile, "there is a strong presumption in favor of exhausting administrative remedies."[12]

5. Respondents have each filed motions to dismiss.  Superior Court Civil Rule 12(b)(6) permits this Court to dismiss an action for failure to state a claim.  A complaint will not be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief.[13]

6. In response to the motions to dismiss, Mr. Karpoff calls for the recusal of the Board from his administrative proceedings.  He believes the Board cannot conduct a fair and impartial hearing because of the administrative make up of the Sussex County Government.  His request for the recusal is based on nothing more than mere

---

[9] *New Castle Cnty. v. Pike Creek Recreational Servs., LLC,* 82 A.3d 731, 761 (Del. Ch. 2013), aff'd, 105 A.3d 990 (Del. 2014)
[10] *Id.*
[11] *Levinson v. Delaware Comp. Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (citing 2 AM. JUR. 2D. Administrative Law § 595 (1962)).
[12] *Levinson*, 616 A.2d at 1190.
[13] *Klein v. Sunbeam*, 94 A.3d 385, 391 (Del. 1952).

4

speculation. Again, the exhaustion doctrine "allow[s] administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts…."[14]

7. It is important to note that Mr. Karpoff did not request recusal of the Board in his Amended Petition. Therefore, the Court need not address this request. However, even if it was properly presented as an issue for the Court, the request would have to be denied pursuant to the exhaustion doctrine.

8. Mr. Karpoff is in the process of appealing the decision of the Commission to the Board. Such an appeal is an administrative remedy. The eventual decision of the Board will also carry its own set of appellate rights at law. The Court acknowledges Mr. Karpoff takes issue with several of the Board's appellate procedures but cannot issue writs of mandamus absent a showing of exhaustion of the administrative remedies or that such remedies would be futile which he has not done. "[M[andamus will not lie unless the petitioner has no other remedy."[15] Given the existence of administrative remedies and the strong presumption in favor of exhausting such remedies the Court find Mr. Karpoff's Amended Petition for writ of mandamus fails to state a claim upon which relief can be granted. Therefore,

---

[14] *Levinson*, 616 A.2d at 1190.
[15] *Pike Creek Recreational Servs., LLC*, 82 A.3d at 761.

Respondents' motions to dismiss are hereby **GRANTED** and Mr. Karpoff's Amended Petition is **DISMISSED**.

    **IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

Via File & Serve
oc: Prothonotary